B 2100A (Form 2100A) (12/15)

# UNITED STATES BANKRUPTCY COURT

Southern District of Mississippi

In re Latonya  Malone_____,          Case No. 25-02847_____

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

  Jefferson Capital Systems LLC_____          Webbank_____
            Name of Transferee                              Name of Transferor

Name and Address where notices to transferee should be sent:
  Jefferson Capital Systems, LLC
  PO Box 7999
  St. Cloud , MN 56302-9617

Court Claim # (if known): _____10_____
Amount of Claim: _____962.54_____
Date Claim Filed: _____01/08/2026_____

Phone: __800-928-7314_____
Last Four Digits of Acct #: _____4188_____

Phone: _____
Last Four Digits of Acct. #: _____4188_____

Name and Address where transferee payments should be sent (if different from above):
  Jefferson Capital Systems, LLC
  PO Box 772813
  Chicago , IL 60677-2813
Phone: __800-928-7314_____
Last Four Digits of Acct #:_____4188_____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ Mohammedusman Khan (Bankruptcy Specialist   Date: 3/31/2026_____
        Transferee/Transferee's Agent

*Penalty for making a  false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 & 3571.

Docusign Envelope ID: DF63A38F-7FC9-4E9D-BD72-C4FA95B11B3A

## WAIVER OF NOTICE OF TRANSFER OF CLAIM

BLST Holding Company LLC, BLST Operating Company, LLC, BLST Finco, LLC, BLST Finco Subco, LLC, BLST Receivables & Servicing LLC, BLST Sales, Marketing & Servicing, LLC, BLST Northstar, LLC, OBSA Operating Company, LLC (collectively "Transferor") previously sold and assigned certain claims to Jefferson Capital Systems, LLC ("Transferee") pursuant to the Asset Purchase Agreement between Transferor and Transferee dated October 24, 2025 (the "Agreement").  Transferee has attached the Assignment of the Agreement to the Waiver. Transferee is a limited liability company under the laws of the State of Georgia, maintaining a place of business at 200 14th Ave E, Sartell, MN 56377.  Said claims arise from consumer contracts ("Accounts") issued to individuals who have filed petitions commencing cases under the U.S. Bankruptcy Code that have now been sold and assigned to Transferee under the Agreement. Proofs of Claim with respect to the Accounts may have been filed under the following name:

BLST Sales, Marketing & Servicing, LLC
Quantum3 Group LLC as agent for BLST Sales, Marketing & Servicing, LLC
Quantum3 Group LLC as agent for BLST Marketing Sales & Receivables LLC

Transferor and any of its prior servicers consent to the attachment of a copy of this Waiver of Notice of Transfer of Claim to a Notice of Claim filed on behalf of Transferor pursuant to Federal Rule of Bankruptcy Procedure 3001 (e) (2).  Transferor and its prior servicers specifically waive the right to receive notice of and object to the filing of the Notice of Claim.  Transferor requests that Transferee be substituted for Transferor immediately upon Notice of Transfer of Claim.

A copy of this Waiver of Notice of Transfer of Claim shall have the same force and effect as the original.

IN WITNESS WHEREOF, Transferor has executed this Waiver of Notice of Transfer of Claim by and through its duly authorized officer on the 31st day of March, 2026.

Jefferson Capital Systems, LLC on behalf of Transferor

By: Mark Zellmann
3A0FBC0C9404438

Name: Mark Zellmann

Title: President

Docusign Envelope ID: DF63A38F-7FC9-4E9D-BD72-C4FA95B11B3A

## BILL OF SALE AND ASSIGNMENT AND ASSUMPTION AGREEMENT

This Bill of Sale and Assignment and Assumption Agreement (this "Agreement") is made and entered into as of December 4, 2025, by and among Jefferson Capital Systems, LLC, a Georgia limited liability company ("Buyer"), BLST Holding Company LLC, a Delaware limited liability company ("HoldCo"), BLST Operating Company, LLC, a Delaware limited liability company ("OpCo"), BLST FinCo, LLC, a Delaware limited liability company ("FinCo"), BLST FinCo SubCo, LLC, a Delaware limited liability company ("SubCo") BLST Receivables & Servicing LLC, a Delaware limited liability company ("R&S"), BLST Sales, Marketing & Servicing, LLC, a Delaware limited liability company ("SM&S"), BLST Northstar, LLC, a Delaware limited liability company ("Northstar"), OBSA Operating Company, LLC, a Delaware limited liability company ("OBSA" and together with HoldCo, OpCo, FinCo, SubCo, R&S, SM&S, and Northstar, the "Sellers"). The Sellers and Buyer may be referred to herein individually as a "Party" and collectively as the "Parties".

### RECITALS

A.      Pursuant to that certain Asset Purchase Agreement, dated as of October 24, 2025 (as amended, restated, or otherwise modified from time to time, the "Purchase Agreement"), by and between Buyer and the Sellers, the Sellers have agreed to sell to Buyer, and Buyer has agreed to purchase from the Sellers, all of the Sellers' right, title, and interest in, to and under the Purchased Assets (as defined below) relating to the Sellers' business of extending credit for consumer retail purchasers and servicing and collecting payments on such accounts (the "Business") and, in connection therewith, Buyer has agreed to assume the Assumed Liabilities (as defined below).

B.      In connection with the consummation of the transactions contemplated by the Purchase Agreement, the Sellers hereby desire to sell to Buyer all of the Sellers' right, title, and interest in, to and under the Purchased Assets, and Buyer hereby desires to purchase from the Sellers all of the Sellers' right, title, and interest in, to and under the Purchased Assets and to assume the Assumed Liabilities from the Sellers on the terms and subject to the conditions set forth in the Purchase Agreement.

### AGREEMENT

NOW, THEREFORE, for and in consideration of the above premises, the mutual covenants contained in this Agreement and in the Purchase Agreement, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.      Sale, Assignment, and Transfer of Purchased Assets.  Subject to the terms and conditions of the Purchase Agreement, the Sellers hereby sell, assign, transfer, convey, and deliver to Buyer, and Buyer hereby accepts such assignment, transfer, conveyance and delivery of, all of the Sellers' right, title, and interest in, to and under the assets of the Sellers set forth in Schedule 1 attached hereto (the "Purchased Assets"), free and clear of all Encumbrances other than Permitted Encumbrances and Assumed Liabilities.

2.      Assumption of Assumed Liabilities.  Subject to the terms and conditions of the Purchase Agreement, Buyer hereby assumes and agrees to pay, perform, and discharge when due all of the liabilities of the Sellers set forth in Schedule 2 attached hereto (the "Assumed Liabilities").  Except for the Assumed Liabilities, Buyer shall not assume or become liable for any obligations, commitments, or liabilities of the Sellers, whether known or unknown, absolute, contingent, or otherwise, and whether or not related to the Purchased Assets, including, without limitation any employee or personnel-related obligations or liabilities, or any business, sales, or use tax, or any liabilities or obligations associated use and/or ownership of the Purchased Assets prior to the Closing or sale or transfer of the Purchased Assets to Buyer pursuant to the terms of the Purchase Agreement.

Docusign Envelope ID: DF63A38F-7FC9-4E9D-BD72-C4FA95B11B3A

3.     <u>Terms of the Purchase Agreement</u>.  Nothing contained in this Agreement shall be deemed to modify, limit, expand, supersede, or amend any rights or obligations of the Sellers or Buyer under the Purchase Agreement.  To the extent any conflict arises between any of the terms and provisions of this Agreement and any of the terms and provisions of the Purchase Agreement, the terms and provisions of the Purchase Agreement shall govern and control.

4.     <u>No Third-Party Beneficiaries</u>.  Nothing herein expressed or implied is intended to confer upon any person, other than the Parties and their respective successors and assigns, any rights, remedies, obligations, or liabilities.

5.     <u>Successors and Assigns</u>.  This Agreement shall be binding upon and inure to the benefit of the Parties and their respective successors and assigns.

6.     <u>Entire Agreement</u>.  This Agreement, together with the Purchase Agreement (and the schedules and exhibits thereto) and the other Transaction Documents, contains the entire agreement among the Sellers and Buyer with respect to the transactions contemplated herein and supersedes all previous oral and written agreements among the Sellers and Buyer with respect to the transactions contemplated herein.

7.     <u>Severability</u>.  If any term or provision of this Agreement is invalid, illegal, or unenforceable in any jurisdiction, such invalidity, illegality, or unenforceability shall not affect any other term or provision of this Agreement or invalidate or render unenforceable such term or provision in any other jurisdiction.

8.     <u>Governing Law</u>.  This Agreement shall be governed by and construed in accordance with the internal laws of the State of Delaware without giving effect to any choice or conflict of law provision or rule (whether of the State of Delaware or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than those of the State of Delaware.

9.     <u>Counterparts</u>.  This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed to be one and the same agreement.  A signed copy of this Agreement delivered by facsimile, e-mail, DocuSign or other means of electronic transmission shall be deemed to have the same legal effect as delivery of an original signed copy of this Agreement.

10.     <u>Amendment and Modification</u>.  This Agreement may only be amended, modified, or supplemented by an agreement in writing signed by each Party.

[SIGNATURE PAGE FOLLOWS]

Docusign Envelope ID: DF63A38F-7FC9-4E9D-BD72-C4FA95B11B3A

The Parties are signing this Agreement as of the date first set forth above.

**BUYER**:

**Jefferson Capital Systems, LLC**

By:

Name:   Mark Zellmann

Title:    President

Docusign Envelope ID: DF63A38F-7FC9-4E9D-BD72-C4FA95B11B3A

**SELLERS**

**BLST HOLDING COMPANY LLC**

By: BLST TopCo LLC, as its sole member

By: _____
Name:  Kevin Littlejohn
Title: Chief Financial Officer and Treasurer

**BLST FINCO, LLC**

By: BLST TopCo LLC, as its sole member

By: _____
Name:  Kevin Littlejohn
Title: Chief Financial Officer and Treasurer

**BLST OPERATING COMPANY LLC**

By: BLST Holding Company LLC, as its sole member

By: _____
Name:  Kevin Littlejohn
Title: Chief Financial Officer and Treasurer

**BLST FINCO SUBCO, LLC**

By: BLST FinCo, LLC, as its sole member

By: _____
Name:  Kevin Littlejohn
Title: Chief Financial Officer and Treasurer

**BLST SALES, MARKETING & SERVICING, LLC**

By: BLST Operating Company, LLC, as its sole member

By: _____
Name:  Kevin Littlejohn
Title: Chief Financial Officer and Treasurer

[SIGNATURE PAGE TO BILL OF SALE AND ASSIGNMENT AND ASSUMPTION AGREEMENT]

Docusign Envelope ID: DF63A38F-7FC9-4E9D-BD72-C4FA95B11B3A

**BLST RECEIVABLES & SERVICING, LLC**

By: BLST Operating Company, LLC, as its sole member

By: _____

Name:  Kevin Littlejohn

Title: Chief Financial Officer and Treasurer


**BLST NORTHSTAR, LLC**

By: BLST Operating Company, LLC, as its sole member

By: _____

Name:  Kevin Littlejohn

Title: Chief Financial Officer and Treasurer


**OBSA OPERATING COMPANY, LLC**

By: BLST Operating Company, LLC, as its sole member

By: _____

Name:  Kevin Littlejohn

Title: Chief Financial Officer and Treasurer


[SIGNATURE PAGE TO BILL OF SALE AND ASSIGNMENT AND ASSUMPTION AGREEMENT]